IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROSHONE BROWN, | CIVIL ACTION |
| Plaintiff | 25-1841 |
| VERSUS | No. |
| SCI SHARED RESOURCES, LLC, | SECT.GMAG.1 |
| Defendant | SECTION |

## COMPLAINT

### 1. PRELIMINARY STATEMENT

1.1. This action seeks compensatory and actual/economic damages, costs and attorneys' fees for the claims suffered by Plaintiff, ROSHONE BROWN ("Plaintiff" or "Ms. Brown"), due to SCI SHARED RESOURCES, LLC ("Defendant" or "SCI") taking adverse employment actions against her ultimately resulting in the wrongful termination of her employment as explained herein.

1.2 This action arises under The Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12112-117 and/or Americans with Disabilities Amendments Act of 2008 (ADA, ADAAA), and La. R.S. §23:322-23 of the Louisiana Employment Discrimination Law.

### 2. JURISDICTION AND VENUE

2.1 Jurisdiction is invoked pursuant to 28 U.S.C. § 1331.

2.2. Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## 3. PARTIES

3.1. Plaintiff, Ms. Brown is a former employee of Defendant SCI and resides in Jefferson Parish in Harvey, Louisiana.

3.2. Defendant SCI SHARED RESOURCES, LLC is an employer qualified to do business in Louisiana and employs more than 50 regular employees. Defendant SCI SHARED RESOURCES, LLC can be served by serving its registered agent, Corporation Service Company, 450 Laurel Street, 8th Floor, Baton Rouge, Louisiana 70801.

## 4. PROCEDURAL BACKGROUND

4.1 Ms. Brown exhausted her administrative remedies at the Equal Employment Opportunity Commission.

4.2 The U.S. Equal Employment Opportunity Commission ("EEOC") issued Ms. Brown a Notice of Right to Sue, which Ms. Brown received on June 18, 2025. A true and correct copy of that notification is attached as Exhibit A.

## 5. STATEMENT OF FACTS

5.1 In September of 2021, Ms. Brown began working for SCI as a contractor. During her tenure SCI recognized Ms. Brown's hard work first by officially hiring her from a contractor to an Accounts Payable Clerk and then promoting her to a Reconciliation Specialist II. Ms. Brown successfully worked for the SCI until she was wrongfully terminated on July 10, 2024.

5.2 Ms. Brown was involved in a catastrophic car accident in May of 2023 where she suffered a concussion and was rendered temporarily disabled. As a result, Ms. Brown suffered from post-concussion syndrome, difficulty walking and limited range of motion. However, Ms. Brown returned to work soon thereafter, while in great pain, and received the above-mentioned promotion due to her exemplary service record.

5.3 After a few months, Ms. Brown's recovery stalled. Instead of getting better, she was getting worse. Due to Ms. Brown's weakened condition, she had an accident at work; and a subsequent medical evaluation revealed that she failed a post-concussion neurocognitive assessment. Medical specialists advised Ms. Brown that her premature return to work could jeopardize her full recovery and possibly lead to permanent disability.

5.4 Following the mandated procedures of The Family and Medical Leave Act of 1993 (FMLA), Ms. Brown took the leave required to properly heal mentally and physically. While Ms. Brown was on FMLA leave, the SCI's representatives contacted her to inquire when she would return to work. After consulting her physicians, Ms. Brown notified SCI that she was advised that she could only return to work with accommodation. The employment position is clerical in nature and Ms. Brown was able to perform all the essential functions of her job with reasonable accommodation. However, almost immediately after discovering that Ms. Brown required accommodation, SCI fired her in violation of federal and state law.

5.5 SCI offered inconsistent pretexts for Ms. Brown's firing including that her position had been eliminated and then that the position had already been filled. However, Ms. Brown's position at SCI was advertised in several different postings for several months after she was summarily dismissed.

## 6. CAUSE OF ACTION

Disability/Perceived Disability Discrimination and Failure to Reasonably Accommodate
(ADA and Louisiana Employment Discrimination Law)

6.1 Ms. Brown incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

3

6.2 Ms. Brown was a member of a protected class as a qualified employee with a disability/perceived disability:

6.3 SCI was on notice that Ms. Brown suffered from a disability.

6.4 Ms. Brown suffered from a disability/perceived disability but could still perform the essential functions of her job. Ms. Brown alleges that SCI violated the ADA and the Louisiana Employment Discrimination Law when SCI took adverse action against Ms. Brown by terminating her employment. Ms. Brown also requested reasonable accommodations that existed and was reasonable at the time requested.

6.5 SCI failed to engage in the interactive process to see if Ms. Brown could be accommodated as a qualified individual with a disability. SCI failed to provide the reasonable accommodation requested by Ms. Brown.

6.6 Ms. Brown was replaced by a non-disabled employee and/or treated less favorably than individuals outside of her protected class based on her disability.

## 7. RETALIATION

(ADA, ADEA and Louisiana Employment Discrimination Law)

7.1 Ms. Brown incorporates by reference all the foregoing allegations in each of the paragraphs 4.1-4.4 above as if fully set forth herein.

7.2 SCI intentionally retaliated against Ms. Brown immediately after Ms. Brown made requests for accommodation in violation of the ADA and the Louisiana Employment Discrimination Law.

7.3 SCI intentionally retaliated against Ms. Brown in violation of the ADA, ADEA and the Louisiana Employment Discrimination Law after asserting that she could only return to work with accommodations.

7.4 Ms. Brown faced adverse actions when she was terminated.

7.5 The adverse actions Ms. Brown faced were causally connected to her engagement in protected activity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Roshone Brown, prays that this Court:

1. Enter judgment in favor of Plaintiff and against the Defendant, SCI Shared Resources, LLC, for violation of Plaintiff's rights under 42 U.S.C. § 12112-117 and/or Americans with Disabilities Amendments Act of 2008 (ADA, ADAAA), and La. R.S. §23:322-23 of the Louisiana Employment Discrimination law;

2. Declare that the actions of the Defendant constitute unlawful disability discrimination;

3. Award Plaintiff compensatory damages, including, but not limited to, lost wages and benefits, in such amount as will reasonably compensate her for her losses, and damages for mental anguish;

4. Award Plaintiff punitive damages in such amount as the Court deems proper;

5. Award Plaintiff all costs, attorneys' fees, and non-taxable expenses in this action; and

6. Grant Plaintiff all such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff hereby demands trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

*[signature]*

PRO SE
Roshone G. Brown
8 Lake Lynn Drive
Harvey, Louisiana 70058
Telephone: (225) 772-2183